**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC NOEL, | No. 12-35839 |
| Plaintiff - Appellant, | D.C. No. 3:99-cv-00649-AC |
| v. | |
| SANDRA A. HALL, aka Sandra Johnson; GABRIELLE S. LENNARTZ; HERB WEISSER; MICHELLE A. MERCHANT; MYRNA A. HALL, Trustee and personal representative of the Estate of Brian C. Hall, deceased, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted May 31, 2013**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). We dismiss as moot the parties' cross-motions for summary disposition.

Before: PREGERSON and REINHARDT, Circuit Judges, and STROM, District Judge.[***]

This appeal marks the third appearance before this court of the parties' long-running feud over a horse, a mobile home, and recorded telephone conversations. *See Noel v. Hall* (*Noel I*), 341 F.3d 1148 (9th Cir. 2003); *Noel v. Hall* (*Noel II*), 568 F.3d 743 (9th Cir. 2009). Plaintiff Eric Noel appeals from the district judge's entry of summary judgment in favor of Defendants Sandra and Myrna Hall (the latter as personal representative of the estate of Brian Hall) and Gabrielle Lennartz (collectively, "Defendants") on his claims alleging violations of the federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq*. The district judge issued a final judgment in favor of these Defendants pursuant to Fed. R. Civ. P. 54(b), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

**1.** The district judge correctly held that Noel was not an "electronic communication service" within the meaning of the Wiretap Act, 18 U.S.C. § 2510(15). Noel's own evidence demonstrates that he simply arranged for telephone service for three businesses (two equestrian-related, and a real estate company) that he owned and/or operated. Further, even if he were an "electronic communication service," Noel did not store Defendants' telephone calls "for

---

[***] The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

purposes of backup protection of such communication" pursuant to the provision of such service, as he must have for the tapes he recorded to constitute "wire communications" forming the basis of a Wiretap Act violation by Defendants. 18 U.S.C. § 2510(1), (17)(B) (2000). Noel's own affidavit states that he stored these communications for his own use—not as part of any "backup protection" incident to providing communications service. He offers only his own contradictory statements to suggest otherwise.

2.      The district judge also correctly determined that our ruling in *Noel II* compels the conclusion that Defendants are entitled to summary judgment on Noel's Wiretap Act claims. Noel's contention, that *Noel II* has been undermined by the subsequent vacatur of a 1999 Washington state court decision, is meritless. Our opinion did not rely on the state court's factual or legal conclusions. *See Noel II*, 568 F.3d at 751 & n.13 (noting that neither party asserted the binding effect of the state court decision, and assuming *arguendo* facts inconsistent with it). In any event, Noel himself concedes the factual basis of the state court decision: that he recorded Defendants' communications. His only argument that a different legal result should prevail is that he himself was an "electronic communication service"—a contention we reject above.

**AFFIRMED.**

3